IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASON LEWIS, #310-904 | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. DKC-06-926 |
| STATE OF MARYLAND, et al. | * | |
|     Defendants. | | |
| | *** | |

**MEMORANDUM**

On April 11, 2006, this court received the instant pro se complaint and motion to proceed in forma pauperis from Jason Lewis, an inmate at the Maryland Correctional Institution at Hagerstown. Lewis requests restoration of 532 days of good conduct credits that he lost as result of prison disciplinary sanctions. He also requests monetary damages. The motion to proceed in forma pauperis will be granted. The complaint, construed as a petition for writ of habeas corpus, will be dismissed without prejudice for failure to exhaust available state court remedies.

Lewis claims that on or about July 3, 2003, he was charged with violations of various Department of Correction disciplinary rule violations which led to the loss of 532 days of good conduct credits and over 280 days of administrative segregation. Lewis argues that the revoked good conduct credits should be restored because the disciplinary proceedings were based upon correctional regulations that were declared invalid by the Court of Appeals of Maryland in 2005.[1]

---

[1] See Massey v. Secretary, Dep't of Public Safety and Correctional Services, 389 Md. 496, 886 A.2d 585 (Md. 2005). In Massey, the Court of Appeals of Maryland concluded that the directives of the Secretary of Department of Public Safety and Correctional Services dealing with inmate discipline and the procedures for charging offenses constituted regulations under the Administrative Procedure Act ("APA"), and thus, to be legally effective, were to be adopted in conformance with the APA. See Massey, 389 Md. at 517-525, 886 A.2d at 597-602.

To the extent Lewis brings this action to challenge the disciplinary proceeding and to obtain the restoration of revoked diminution credits, this pleading is a petition for writ of habeas corpus under 28 U.S.C. § 2241 which challenges the execution of his sentence. In a § 2241 proceeding, exhaustion of state court remedies is a prerequisite for a person "in custody" to attack the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should process as habeas corpus matter).

An inmate in the custody of the Maryland Division of Correction seeking the restoration of revoked diminution credits may proceed as follows.

1. File a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq., to the warden of the institution where he is confined;

2. Appeal a denial of the request by the warden to the Commissioner;

3. File a complaint with the Inmate Grievance Office ("IGO");

4. Appeal a final decision of the IGO to the Circuit Court;

5. File an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seek *certiorari* to the Court of Appeals.

A review of the petition reveals that Lewis has not exhausted his state court remedies as to the issue raised herin.

Further, to the extent Lewis requests monetary compensation, an inmate's § 1983 complaint seeking damages for alleged violations in a prison disciplinary proceeding that resulted in the loss

of good conduct credits is not cognizable unless the disciplinary determination has been overturned. See Edwards v. Balisok, 520 U.S. 641, 645-648 (1997).  Clearly the disciplinary determination has not been overturned, making Lewis's request for money damages premature.

Lewis has not exhausted his available state remedies and his case will be dismissed without prejudice.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973).  A separate Order shall follow.


   4/20/06                                         /s/
Date                                    DEBORAH K. CHASANOW
                                        United States District Judge